UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERTA FARGO,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | Case No. C13-1521-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Roberta Fargo appeals the ALJ's written decision[1] finding her not disabled. She contends the ALJ committed reversible error by failing to consider the opinions of James Bieler, D.O. Dkt. 15 at 4-5. For the reasons below, the Court recommends **AFFIRMING** the Commissioner's final decision and **DISMISSING** the case with prejudice.

## DISCUSSION

The procedural history is not in dispute and needs not be detailed. The ALJ issued a written decision finding multiple chemical sensitivity with myalgias, seasonal allergic rhinitis, irritant rhino-conjunctivitis, border-line personality disorder, post traumatic stress disorder, schizoaffective disorder, and bi-polar type were severe impairments, and that these impairments

---

[1] The parties agree this decision is the Commissioner's final decision.

REPORT AND RECOMMENDATION - 1

did not meet the requirements of the Listings. Tr. 27-28. Ms. Fargo does not challenge these findings. Rather she challenges the ALJ's determination that she retained the residual functional capacity ("RFC") to perform limited light work, and that with this RFC, she was not disabled because there were jobs that she could perform in the national economy. Tr. 30-38. In specific, Ms. Fargo argues the ALJ erred because she "provided no reasons whatsoever to reject" Dr. Bieler's March 2010 opinion that she had numerous physical and mental limitations. Dkt. 15 at 5.

The record does not support this narrow argument. As the Commissioner notes, although the ALJ misidentified Dr. Bieler as Dr. Beecher, the ALJ did consider **Dr. Bieler's** opinions. Dkt. 16 at 2. The record shows that in discussing Dr. Beecher, the ALJ cited to Exhibit 34F/17-20, which is Dr. Bieler's March 2010 physical evaluation of Ms. Fargo. Tr. 35. There is thus no question that the ALJ addressed Dr. Bieler's opinions.

Dr. Bieler performed a Washington State Department of Social and Health Services "Physical Evaluation" of Ms. Fargo. Tr. 904-09. Although Dr. Bieler only performed a physical examination and conducted a "range of joint motion" evaluation, he diagnosed Ms. Fargo with "orthologic/myalgias Fibromyalgia, bipolar depression, and abdominal pain." The ALJ rejected Dr. Bieler's fibromyalgia diagnosis on the grounds that there was nothing that established Ms. Fargo had been diagnosed with fibromyalgia "by established criteria and it appears to be based only on the claimant's self-diagnosis."[2] Tr. 35. A review of Dr. Bieler's evaluation supports the ALJ's finding. The ALJ did not specifically address Dr. Bieler's

---

[2] In her step two analysis, the ALJ found that "the diagnoses of chronic fatigue syndrome and fibromyalgia that appear in the record have not been established by acceptable diagnostic criteria or with a definitive diagnosis. The medical record indicates the chronic fatigue syndrome and fibromyalgia type symptoms are questions, but upon examination there are not the requisite positive tender points to establish the diagnosis of fibromyalgia." Tr. 28. Ms. Fargo does not challenge these findings.

REPORT AND RECOMMENDATION - 2

opinions as to myalgias and stomach pain. However, this failure does not compel reversal for two reasons. First, Ms. Fargo failed to present any reasons showing the ALJ's treatment of these opinions justify reversal and thus has failed to carry her burden of showing harmful error. *See Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012).

And second, there is no medical evidence to establish that abdominal pain or myalgia caused limiting symptoms that the ALJ failed to account for in assessing Ms. Fargo's RFC. As to abdominal pain, the ALJ did not find it was a severe impairment at step two, Tr. 28, a finding Ms. Fargo has not challenged. There is also nothing in the medical record establishing that abdominal pain caused greater limitations than the ALJ found. And finally, although Ms. Fargo testified she experienced pain, the ALJ found her testimony not credible, a finding that Ms. Fargo does not contest. As to myalgias, the ALJ found that treating doctor James Prickett, M.D., "indicated that although the claimant's myalgias, fatigue, and aching persisted they were really not limiting her." Tr. 32. Ms. Fargo does not challenge this finding.

In short, given the record, even if the Court found the ALJ erred in failing to give specific reasons to address Dr. Bieler's opinions about abdominal pain and myalgias, the error was harmless because there were strong reasons to reject the doctor's opinion. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006) (where ALJ fails to provide any reason for rejecting relevant evidence, the error is harmless only if the court "can confidently conclude that no reasonable ALJ, when not making the same error as the ALJ, could have reached a different disability determination.").

The ALJ also rejected Dr. Bieler's opinions regarding Ms. Fargo's mental health problems on the grounds that his evaluation was "largely completed by checking boxes, and contain few objective findings in support of the degree of limitation opined and do not appear to

REPORT AND RECOMMENDATION - 3

take into account that the claimant continued to work before and after these evaluations." Tr. 36. Ms. Fargo has not provided any argument that the ALJ erred in making this finding. Additionally, these are proper reasons to discount the doctor's opinions because an ALJ may reject a medical opinion that is inconsistent with the record and not supported by objective evidence, *see Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999), and may also give less weight to a doctor's opinion that is brief, conclusory, and inadequately supported by medical records, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Accordingly, the Court affirms the ALJ's assessment of Dr. Bieler's March 2010 physical evaluation.

## CONCLUSION

For the foregoing reasons, the Court recommends **AFFIRMING** the Commissioner's final decision **DISMISSING** the case with prejudice.  Any objections to this Report and Recommendation must be filed and served by **March 25, 2014**.  If no objections are filed, the Clerk shall note the matter for March 28, 2014 as ready for the Court's consideration.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 11th day of March, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge